# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(for **Revocation of Supervised Release**) |
| v. | Case Number:  07-cr-00075-WYD-01 |
| | USM Number:  34734-013 |
| DAVID GARCIA | Robert W. Pepin, AFPD<br>(Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violation 1 as alleged in the probation officer's petition.

The defendant is adjudicated guilty of this violation:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Reside in/Comply with Rules of Residential Reentry Center | 05/22/2012 |

     The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

     It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

     It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

October 4, 2012
Date of Imposition of Judgment

s/ Wiley Y. Daniel
Signature of Judge

Wiley Y. Daniel, Chief U.S. District Judge
Name & Title of Judge

October 19, 2012
Date

DEFENDANT:  DAVID GARCIA
CASE NUMBER:  07-cr-00075-WYD-01                          Judgment-Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of fourteen (14) months.

The court recommends that the Bureau of Prisons designate the defendant to a Federal Medical Center for service of his sentence and credit the defendant with 143 days of time served prior to sentencing.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By_____
Deputy United States Marshal

DEFENDANT:  DAVID GARCIA
CASE NUMBER:  07-cr-00075-WYD-01                                    Judgment-Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of nineteen (19) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of  DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer.

2)   The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4)   The defendant shall support his dependents and meet other family responsibilities.

5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9)   The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

DEFENDANT:  DAVID GARCIA
CASE NUMBER:  07-cr-00075-WYD-01                    Judgment-Page 4 of 6

10)     The defendant shall permit a probation officer to visit him at any time at home or elsewhere and
        shall permit confiscation of any contraband observed in plain view by the probation officer.

11)     The defendant shall notify the probation officer within seventy-two hours of being arrested or
        questioned by a law enforcement officer.

12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a
        law enforcement agency without the permission of the court.

13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be
        occasioned by the defendant's criminal record or personal history or characteristics, and shall
        permit the probation officer to make such notifications and to confirm the defendant's
        compliance with such notification requirement.

14)     The defendant shall provide the probation officer with access to any requested financial
        information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)      The defendant shall participate in a program of testing and treatment for drug and alcohol
        abuse, as directed by the probation officer, until he is released from the program by the
        probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during
        the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2)      The defendant shall participate in a program of mental health treatment, as directed by the
        probation officer, until he is released from the program by the probation officer.   The defendant
        shall pay the cost of treatment as directed by the probation officer.  The court authorizes the
        probation officer to release to the treatment agency all psychological reports and/or the
        presentence report, for continuity of treatment.

3)      The defendant shall not incur new credit charges or open additional lines of credit without the
        approval of the probation officer, unless he is in compliance with the periodic payment
        obligations imposed pursuant to the court's judgment and sentence.

4)      The defendant shall reside in a residential reentry center for a period of 180 days, to commence
        upon release from imprisonment, and shall observe the rules of that facility.

5)      The defendant shall work with the probation officer in development of a monthly budget that
        shall be reviewed by the probation officer quarterly.

6)      The defendant shall meet with the probation officer within 60 days of release from confinement
        to develop a plan for payment of restitution.  This plan shall be based on the defendant's income
        and expenses, and forwarded to the court for review and approval.

DEFENDANT:  DAVID GARCIA
CASE NUMBER:  07-cr-00075-WYD-01                                      Judgment-Page 5 of 6

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $0.00 | $0.00 | $387.00 |
| **TOTALS** | $0.00 | $0.00 | $387.00 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| 3SI Security Systems<br>Attn:  Accounting Department<br>486 Thomas Jones Way<br>Exton, Pennsylvania 19341 | $387.00 | $387.00 | 100% |
| Note:  Checks should reference<br>TCF 02082007 Edgewater | | | |
| **TOTALS** | $387.00 | $387.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  DAVID GARCIA
CASE NUMBER:  07-cr-00075-WYD-01                                        Judgment-Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

Total monetary obligation shall be due and payable immediately, with any outstanding balance to be paid at the commencement of supervised release, as directed by the probation officer, in accordance with the payment plan approved by the court.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal.